IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**ROXIE GOOCH**

           **Plaintiff,**

v.                                                  CIVIL ACTION NO. 2:22-CV-00184
                                                                Hon. Thomas E. Johnston

**CEBRIDGE ACQUISITION, LLC, et al.,**

           **Defendants.**

### DEFENDANTS' NOTICE OF STAY PENDING APPEAL

On February 7th, 2023, defendants Cebridge Acquisition, LLC, Cequel III Communications I, LLC, Cequel III Communications II, LLC, and Altice USA, Inc. (collectively, "Defendants") filed a notice of appeal under Section 16(a) of the Federal Arbitration Act, 9 U.S.C. § 16(a), from this Court's January 25, 2023 Order denying Defendants' Motions to Compel Arbitration and to Stay Litigation. *See* Dkt. No. 28.

Under binding Fourth Circuit precedent, the filing of the appeal divests this Court of jurisdiction and requires a stay of all further proceedings. *See Levin v. Alms & Assocs., Inc.*, 634 F.3d 260, 264 (4th Cir. 2011). As the Fourth Circuit has made clear, once a defendant appeals the denial of arbitration under Section 16 of the FAA, district courts "necessarily lack jurisdiction over the continuation of *any* proceedings relating to the claims at issue." *Id.* (emphasis added).[1]

---

[1] The Fourth Circuit's automatic-stay approach is in accord with the majority of circuits. *See Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 215 n.6 (3d Cir. 2007); *McCauley v. Halliburton Energy Servs., Inc.*, 413 F.3d 1158, 1160 (10th Cir. 2005); *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1251 (11th Cir. 2004) (per curiam); *Bombardier Corp. v. Nat'l R.R. Passenger Corp.*, 2002 WL 31818924, at *1 (D.C. Cir. 2002) (per curiam); *Bradford-Scott Data Corp. v. Physician Computer Network, Inc.*, 128 F.3d 504, 506 (7th Cir. 1997). The Second, Fifth and Ninth Circuits take the minority view that a stay is a matter of judicial discretion, but the Supreme Court recently granted review in a case out of the Ninth Circuit to resolve the circuit split, with a

/s/ Randall L. Saunders
Marc E. Williams, Esq. (W. Va. Bar No. 4062)
Randall L. Saunders, Esq. (W. Va. Bar No. 10162)
Jonah D. Samples, Esq. (W. Va. Bar No. 13683)
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
949 Third Avenue, Suite 200
Huntington, West Virginia 25701
Telephone: (304) 526-3500
Facsimile: (304) 526-3599

*Counsel for Defendants*

---

decision expected later this Term.  *See Coinbase, Inc. v. Bielski*, No. 22-105 (U.S. oral argument scheduled Mar. 21, 2023).  Should the Supreme Court overrule the Fourth Circuit's decision in *Levin*, Defendants reserve the right to move for a stay under the standard that the Court articulates in the *Coinbase* decision.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**ROXIE GOOCH**

                              **Plaintiff,**

v.                                                                              CIVIL ACTION NO. 2:22-CV-00184
                                                                                        Hon. Thomas E. Johnston

**CEBRIDGE ACQUISITION, LLC, et al.,**

                              **Defendants.**

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned attorney hereby certifies that on the 7th day of February, 2023, the foregoing ***"Defendants' Notice of Stay Pending Appeal"*** was filed with the court through the Court's CM/ECF system which will automatically send notification to the following:

Charles R. "Rusty" Webb, Esq.
The Webb Law Centre, PLLC
716 Lee St. E.
Charleston, WV 25301

Franklin Scott Conway LLP
Dennis C. Taylor, Esq.
831 Fourth Avenue, Suite 201
Huntington, WV 25701

Talcott J. Franklin, Esq.
1629 K St NW #300
Washington, DC 20006

                                                                 /s/ Randall L. Saunders